LAW AND EQUITY COURT OF THE CITY OF RICHMOND

M. E. Howard & Son, Inc.

v.

Temple Kenesseth Beth Israel et al.

May 3, 1972

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today sustaining the demurrer of the individual defendants herein and dismissing them as parties to this suit.

The issue to be decided is whether, under the facts set forth in this motion for judgment, there may be personal liability upon the individual trustees of a religious congregation who execute a written contract in the form and manner herein. It is agreed, and the plaintiff alleges, "that the individual trustees were authorized to enter into such contract on behalf of the religious congregation represented by them."

Since this case is set for trial on Monday next, time does not permit a thorough discussion of the reasons for the court's decision. The court is guided in the main by the opinion of Judge Soper in Hawthorne, et al. v. Austin Organ Co., 71 F.2d 945 (4th Cir. 1934).

The plaintiff alleges, inter alia, that it entered into a written contract with the individual defendants "contracting as trustees of" the defendant religious congregation for the construction of a new Temple building.

The plaintiff urges that the demurrer should be overruled relying on the case of Forsberg v. Zehm, 150 Va. 756 (1928). It also relies on the general rule of the law of trusts that the trustee personally is bound by and liable upon contracts made by him in the course of the administration of the trust for consideration furnished, services rendered and other proper and necessary expenditures and obligations in the absence of an express stipulation of his individual nonliability. 54 Am. Jur. Trusts, § 347, page 272; Bogert, Trusts and Trustees (2d ed.), § 712 et seq.

In attempting to determine the status of the present law in Virginia on this subject, the court recognizes that Hawthorne dealt with a suit based on five promissory notes whereas this suit is on a construction contract and that Judge Soper relied in part on the former Virginia Negotiable Instruments Law dealing with liability of one executing a negotiable instrument in a representative capacity (see Code § 8.3-403 for the similar provision under the Uniform Commercial Code). Judge Parker's strong dissent in Hawthorne is noted. Judge Christian's equally strong dissent in Forsberg should also be noted.

As stated, in this action the plaintiff alleges that it dealt with the individual defendants "as trustees of" the defendant Temple. As stated, the plaintiff does not contend that the action of the trustees was ultra vires. Moreover, it is apparent from the manner in which the contract was executed that the individuals signed in their representative capacity. Under these circumstances, the court holds that in Virginia the trustees of religious societies are not personally liable on contracts made with third parties when the third party knows they are acting for such societies, unless it be expressly understood that such third party is dealing with the agent on his personal credit, assuming, of course, that the trustees are duly authorized by the congregation to so act. 150 Va. at page 775. See also 76 C.J.S., Religious Societies, § 29, page 778, and 3 C.J.S. Agency, § 215, page 119.

In view of what has been said above, this suit will proceed against the defendant Temple, an unincorporated association. Code § 8-66.